JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
CELINE OHANIAN (Bar No. 352421)
*cohanian@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff BearCom Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

BEARCOM GROUP, INC., a Texas corporation,

Plaintiff,

v.

GLOBAL COMMUNICATION SERVICES, LLC, an unknown business entity; GCS INC., an unknown business entity; BRIAN MARTIN, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No.

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**

**(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A));**

**(3) FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B));**

**(4) COMMON LAW TRADEMARK INFRINGEMENT; AND**

**(5) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE § 17200).**

**DEMAND FOR TRIAL BY JURY**

For its Complaint, plaintiff BearCom Group, Inc. (“BearCom” or “Plaintiff”) alleges as follows:

## **<u>THE PARTIES</u>**

1. Plaintiff BearCom is a Texas corporation with offices at 4009 Distribution Drive, Suite 200, Garland, Texas 75041. BearCom operates in the



JMBM | Jeffer Mangels Butler & Mitchell LLP

United States through two operating entities, BearCom Operating LLC and Bear Communications, Inc., a California corporation with offices at 2601 Manhattan Beach Boulevard, Redondo Beach, California 90278. BearCom operates in a number of locations in California, including in Los Angeles at the above address, as well as in the Sacramento, San Diego, San Francisco, and Orange County areas. BearCom provides services to customers across California.

2. Defendant Global Communication Services, LLC ("GCS LLC") is an unknown business entity. On information and belief, GCS LLC has offices at 5161 San Felipe Street Suite 320-5110, Houston, Texas 77056.

3. Defendant GCS Inc. ("GCS Inc.") is an unknown business entity. On information and belief, GCS Inc. has offices at 5161 San Felipe Street Suite 320-5110, Houston, Texas 77056.

4. Defendant Brian Martin ("Martin") is a individual. On information and belief, Martin has offices at 5161 San Felipe Street Suite 320-5110, Houston, Texas 77056.

5. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations. Martin, GCS LLC, GCS Inc., and Does 1 through 10 are, at times, collectively referred to herein as "Defendants," and are, at times, individually referred to herein as a "Defendant."

6. Plaintiff is informed and believes and, based thereon, alleges that at all relevant times, each of the Defendants, including defendants Does 1 through 10, was an agent, employee or co-conspirator of each of the other Defendants, and was acting within the course and scope of such agency or employment and was in some manner legally responsible for the wrongful conduct alleged herein. Plaintiff is further informed and believes and, based thereon, alleges that each Defendant,

JMBM Jeffer Mangels Butler & Mitchell LLP

including the fictitiously named Defendants, directed, aided, and assisted in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each and every such Defendant. Plaintiff is further informed and believes and, based thereon, alleges that, at all relevant times, to the extent that the conduct and omissions alleged herein were perpetrated by one or more Defendants, the remaining Defendants confirmed and ratified such conduct and omissions.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) over the federal unfair competition and false advertising claims, which arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state unfair competition and common law trademark infringement claims because they arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

8. This Court has personal jurisdiction over the Defendants. Plaintiff is informed, and believes, and based thereon, alleges that the conduct giving rise to this suit occurred, at least in part, California, including, the sale, offer for sale, or advertising of products and/or services in this judicial district and/or that Defendants conduct alleged herein was intentional and was aimed and directed at California. Further, Defendants either knew or should have known that their infringing conduct would have consequences in California and that the harm to Plaintiff arising from Defendants' conduct would occur (and, in fact did occur) in California.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Plaintiff is informed and believes and, based thereon, alleges, that a substantial part of the events and/or omissions giving rise to the claims against Defendants

JMBM Jeffer Mangels Butler & Mitchell LLP

occurred in this District. Plaintiff has locations in this District and has been injured in this District as a result of Defendants' infringing conduct.

## GENERAL ALLEGATIONS

10. Plaintiff owns the federally registered and incontestable trademark BEARCOM, as well as numerous design and composite marks, incorporating BEARCOM, which it has been using for nearly three decades (collectively, the "BEARCOM Marks"). BearCom is a nationwide wireless equipment dealer and integrator and it handles all manner of wireless communications requirements, including sales, rentals, installation, consulting, and service. In particular, Plaintiff owns U.S. Trademark Reg. No. 4675167 for BEARCOM.

11. Defendant Martin was briefly employed by BearCom for approximately 18 months in and around 2018 and 2019. Martin is no longer employed by or in any way affiliated with BearCom.

12. On information and belief, Martin is operating a communications business. The website for Martin's business operates at the domain name gcscomm.com (the "Website"). The Website refers to Martin as the founder and CEO of the business advertised on the Website. The Website refers to the business as GSC Inc. and Global Communication Services, LLC.

13. In the "About Us" section of the Website, Defendants purport to identify and provided images of "recent projects." Among the images, are several images of Martin appearing in a BearCom shirt, with a BearCom banner, and working on BearCom projects. These projects are neither recent nor are they projects accomplished by Defendants' business. Similar images are posted on Martin's LinkedIn profile, where he identifies himself as CEO of GCS LLC.

14. Viewers of the Website or Martin's LinkedIn profile will be lead to believe that the projects advertised on the Website are recent projects accomplished by Defendants. They are not. In fact, all of these projects were undertaken at least five years ago.

JMBM Jeffer Mangels Butler & Mitchell LLP

15. Viewers of the Website or Martin's LinkedIn profile will be lead to believe that Defendant's partnered with BearCom, which is not the case.

16. Viewers of the Website or Martin's LinkedIn profile will be lead to believe that BearCom approves of, endorses, or is affiliated with Defendants or their services, which is not the case.

17. Plaintiff has sent multiple cease and desist letters to Martin requesting that images of BearCom projects and images featuring BearCom trademarks be removed from Defendant's website. Martin has not responded to the letters.

## FIRST CLAIM FOR RELIEF

Trademark Infringement

(15 U.S.C. § 1114)

18. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

19. Defendants, through the acts and omissions described herein, have used and continue to use, in commerce one or more of Defendant's BEARCOM Marks in connection with the sale, offering for sale, distribution, and advertising, of services.

20. Defendants' above-described conduct and use of one or more of Defendant's BEARCOM Marks are likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association. As a result of Defendants' conduct, confusion is likely to occur both when consumers are making their purchasing decisions, as well as post-sale.

21. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, or use the BEARCOM Marks.

22. Defendants' actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

23. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other

Defendants, to directly infringe the BEARCOM Marks; and/or they have continued to provide others with infringing services, with knowledge of the direct infringers' use or sale of the infringing services.

24. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing services.

25. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the BEARCOM Marks. Defendants' actions were willful and for the calculated purpose of misleading and deceiving the public in order to trade on and profit from Plaintiff's goodwill.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

27. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the BEARCOM Marks or any other mark confusingly similar to the BEARCOM Marks. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

28. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' infringing conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

29. Pursuant to 15 U.S.C. § 1117(a), and because Defendants' conduct described herein was intentional and in blatant disregard of Plaintiff's rights,

Plaintiff is entitled to, and hereby seek, an award tripling any damages or profits established at trial.

30. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials bearing any Infringing Mark or any other marks confusingly similar to the TEAM ONE Mark.

31. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

Unfair Competition

(15 U.S.C. § 1125(a)(1)(A))

32. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

33. Defendants, through the acts and omissions described herein, have used and continue to use, in commerce words, images, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including the BEARCOM Marks, in connection with advertising their communications business.

34. Defendants' above-described conduct and use of the BEARCOM Marks is likely to cause confusion, or reverse confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' communications services or other commercial activities by Plaintiff, or vice versa, none of which is the case.

35. Defendants are not authorized, licensed, or otherwise given permission to reproduce, counterfeit, imitate, use, or provide any goods and/or services or other commercial activities bearing the BEARCOM Marks, or any other mark confusingly similar to the BEARCOM Marks.

JMBM Jeffer Mangels Butler & Mitchell LLP

36. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A).

37. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the BEARCOM Marks; and/or they have continued to provide others with infringing goods and/or services, with knowledge of the direct infringers' use or sale of the infringing goods and/or services.

38. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing goods and/or services.

39. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights in and to the BEARCOM Marks. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

40. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including any further use of the BEARCOM Marks or any other mark confusingly similar to the BEARCOM Marks and any further false representations or designations of fact. Unless such an injunction issues, Defendants' infringing conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

41. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct.

42. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

43. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels or advertisements, bearing the BEARCOM Marks or any other mark confusingly similar to the BEARCOM Marks.

44. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

False Advertising

(15 U.S.C. § 1125(a)(1)(B))

45. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

46. Defendants, through the acts and omissions described herein, have used and continue to use, in interstate commerce words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, in commercial advertising or promotion that misrepresent the nature, characteristics, or qualities of their goods and/or services.

47. Defendants' false and materially misleading statements and omissions have actually deceived or have the tendency to deceive a substantial segment of their audience; that deception is material, in that it is likely to influence the audience's purchasing decision; and Plaintiff has been or is likely to be injured as a proximate result of Defendants' false statements, including by damaging Plaintiff's reputation and by a lessening of the goodwill associated with Plaintiff's BEARCOM Marks.

48. Defendants' actions violate 15 U.S.C. § 1125(a)(1)(B).

49. Defendants are also secondarily liable for contributory false advertising in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly engage in false advertising; and/or they have continued to provide others with infringing goods and/or services, with knowledge of the direct infringers' display or use of the infringing goods and/or services constitutes false advertising.

50. Defendants are also secondarily liable for vicarious false advertising in that Defendants have an apparent or actual partnership among and between themselves, and/or with other actors, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the false advertising.

51. Defendants have committed the acts alleged above with full knowledge of and in disregard of Plaintiff's rights. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

52. Plaintiff lacks an adequate remedy at law and, pursuant to 15 U.S.C. § 1116(a), seeks an injunction prohibiting any continuing or future false advertising by Defendants, as alleged herein, including further use of the BEARCOM Marks, or any other mark confusingly similar to the BEARCOM Marks. Unless such an injunction issues, Defendants' false advertising will continue to materially deceive the relevant public, thereby irreparably damaging Plaintiff.

53. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' false advertising, as well as an order awarding all of Defendants' profits traceable to Defendants' false advertising.

54. Pursuant to 15 U.S.C. § 1117(a), because Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's

rights, Plaintiff is entitled to, and hereby seeks, an award tripling any actual damages established at trial.

55. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials, including, without limitation, all labels and advertisements, bearing or including any of the false advertising as alleged herein.

56. Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a). Plaintiff is entitled to, and hereby seeks, an award of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

57. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

58. The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

59. Defendants, through the acts and omissions described above, have used and continue to use, in commerce words, terms, names, symbols, and devices which are confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion, including reverse confusion, or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods and/or services or other commercial activities, or as to the sponsorship or approval of Defendants' goods and/or services or other commercial activities by Plaintiff, or vice versa, none of which is the case.

60. Defendants are also secondarily liable for contributory trademark infringement in that they have intentionally induced others, including other Defendants and the customers of each Defendant, to directly infringe the BEARCOM Marks; and/or they have continued to provide others with infringing



JMBM Jeffer Mangels Butler & Mitchell LLP

goods and/or services, with knowledge of the direct infringers' use or sale of the infringing goods and/or services.

61. Defendants are also secondarily liable for vicarious trademark infringement in that Defendants have an apparent or actual partnership among and between themselves, and/or with other infringers, and have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing goods and/or services.

62. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined.

63. Plaintiff lacks an adequate remedy at law and seeks an injunction prohibiting any continuing or future infringing conduct by Defendants, including further use of the BEARCOM Marks or any other mark confusingly similar to the BEARCOM Marks. Unless such an injunction issues, Defendants' conduct will continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, approval, sponsorship, and/or association, thereby irreparably damaging Plaintiff.

64. Plaintiff is entitled to, and hereby seeks, an order awarding it all of its damages caused by Defendants' conduct, as well as an order awarding all of Defendants' profits traceable to Defendants' conduct by which Defendants were unjustly enriched.

65. Defendants' conduct described herein was intentional and in willful and blatant disregard of Plaintiff's rights. Defendants are guilty of intentional, oppressive, malicious, reckless, and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover, and hereby seeks, punitive damages from Defendants.

**FIFTH CLAIM FOR RELIEF**

Unfair Business Practices

(Cal. Bus. & Prof. Code § 17200)

66. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

67. Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 *et seq*., by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500, and violations of state and federal trademark and unfair competition law.

68. These acts and practices violate Business and Professions Code Section 17200, in that they are illegal, unfair, and/or fraudulent business practices.

69. The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policies.

70. As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold ill-gotten gains resulting from their unfair business practices, which properly belong to Plaintiff. Plaintiff, accordingly, seeks restitution of all such gains.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. For a temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and all of their officers, directors, stockholders, owners,

agents, representatives, servants, and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1. infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's rights, common law or otherwise, in the BEARCOM Marks;

2. using any words, terms, names, symbols, false designations or origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, including, without limitation, the BEARCOM Marks, or any other mark confusingly similar to the BEARCOM Marks, in connection with the sale, offering for sale, distribution, commercial advertising or promotion of goods and/or services or commercial activities that are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin of Defendants' goods and/or services or other commercial activities, or as to the sponsorship or approval of Defendants' goods and/or services or other commercial activities by Plaintiff, or vice versa; or that misrepresents the nature, characteristics, or qualities of Defendants' or Plaintiff's goods and/or services or other commercial activities.

3. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff or the BEARCOM Marks; and

4. using the BEARCOM Marks, or any other mark confusingly similar to the BEARCOM Marks in connection with the sale, offering for sale, distribution, and advertising of any goods or other commercial activities.

B. Ordering Defendants to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth the manner and form in which Defendants have complied with the injunction.

C. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's trademark rights, in violation of 15 U.S.C. § 1114.

D. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's rights in the BEARCOM Marks, and that Defendants' conduct violates 15 U.S.C. § 1125(a).

E. For an order that, by the acts complained of herein, Defendants have infringed Plaintiff's common law trademark rights and/or engaged in acts of common law unfair competition against Plaintiff.

F. For an order that, by the acts complained of herein, Defendants have engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and Prof. Code § 17200.

G. For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Plaintiff's rights.

H. For an order awarding Plaintiff general and/or specific damages, in an amount to be fixed by the Court in accordance with proof.

I. For an order awarding all of Defendants' profits traceable to Defendants' conduct.

J. For an order trebling any damage or profits established pursuant to 15 U.S.C. § 1117(a).

K. For an order awarding Plaintiff restitution of all amounts obtained by Defendants by means of their wrongful acts described herein.

L. For an order for the destruction of all materials, including, without limitation, all labels, signs, prints, packages, advertisements, books, and pamphlets bearing the BEARCOM Marks, or any other marks confusingly similar thereto, or any false advertising concerning Plaintiff, or its or Defendants' goods and/or services.

M. For an order finding that this is an exceptional case, and awarding Plaintiff its costs and attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117(a).

N. And, for an order awarding such other or further relief as the Court deems just and proper.

DATED: July 25, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN
CELINE OHANIAN

By: /s/ Jessica Bromall Sparkman

JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff BEARCOM GROUP, INC.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues which may be tried to a jury.

DATED: July 25, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN
STANLEY M. GIBSON
JESSICA BROMALL SPARKMAN
CELINE OHANIAN

By: /s/ Jessica Bromall Sparkman
JESSICA BROMALL SPARKMAN
Attorneys for Plaintiff BEARCOM GROUP, INC.

JMBM Jeffer Mangels Butler & Mitchell LLP