JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEARCOM GROUP, INC., a Texas corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>GLOBAL COMMUNICATION SERVICES, LLC, an unknown business entity; GCS INC., an unknown business entity; BRIAN MARTIN, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:24-cv-06308-MRA-JC<br><br>**JUDGMENT AND PERMANENT INJUNCTION**<br><br>The Hon. Mónica Ramírez Almadani |

WHEREAS, Plaintiff BearCom Group, Inc. ("Plaintiff") on the one hand and Defendant Brian Martin ("Defendant"), consenting to personal jurisdiction, subject matter jurisdiction, and venue in this District Court, and pursuant to the Stipulation for Entry of Judgment and Permanent Injunction (the "Stipulation") that the parties have filed in the above-captioned action, hereby stipulate and consent to the entry of the following Judgment and Permanent Injunction (the "Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  This Court has jurisdiction over the subject matter of this action, Plaintiff, and Defendants.

2.  Plaintiff owns valid and enforceable rights in and to the trademark BEARCOM, as well as numerous design and composite marks incorporating BEARCOM, which it has been using for nearly three decades (collectively, the "BEARCOM Marks") in connection with wireless equipment and wireless communications requirements, including sales, rentals, installation, consulting, and service.

3.  Within one week of the date of this Order, Defendant shall permanently and forever cease and desist worldwide from using, applying to register, or otherwise acquiring any registration of or for: (i) the BEARCOM Marks and any marks confusingly similar thereto, as or as a part of any trademark, trade name, business or corporate name, domain name, social media name, username, handle, or the like, email address, email display name, or in any other manner whatsoever; or (ii) the term "BearCom," or any term confusingly similar thereto, as or as a part of any trademark, trade name, business or corporate name, domain name, social media name, username, handle, or the like, email address, email display name, or in any other manner whatsoever.

4.  Within one week of the date of this Order, Defendant shall permanently and forever cease and desist, worldwide, from creating or suggesting

any association, affiliation, partnership, sponsorship, endorsement, or other connection between Defendant, or Defendant's products or services, and Plaintiff, or Plaintiff's products or services, including, without limitation, posting images of Defendant in apparel bearing any BEARCOM Mark or in proximity to any signage bearing any BEARCOM Mark on any website or social media page (including Facebook, Instagram, LinkedIn and others) Defendant uses, directly or indirectly, to promote himself, any associated or affiliated business, or any of his or its goods or services or posting information about or images from any project Defendant worked on or participated in during his time with Plaintiff on any website or social media page (including Facebook, Instagram, LinkedIn and others) Defendant uses, directly or indirectly, to promote himself, any associated or affiliated business, or any of his or its goods or services.

5. Notwithstanding the foregoing, nothing herein prevents Defendant from listing in an employment history that he was an employee of BearCom from September 23, 2016, to November 1, 2020, inclusive, without emphasizing BearCom and suggesting any current connection or association with BearCom.

6. Defendant will ensure that Defendant Global Communication Services, LLC, and Defendant GCS Inc., and any other companies, business, or associations that he owns or controls, now or in the future, comply with the restrictions imposed in Paragraph 3 and 4 of this Judgment.

7. Defendant shall never form any business entities or organizations to avoid the restrictions set forth in this Agreement, or, in any way, assist any third party to engage in any conduct that would violate the aforementioned restrictions, including, without limitation, the formation of any business entities or organizations.

8. In any proceeding to enforce this Judgment, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

9. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or

conclusions of law by this Court, any requirements for which have been expressly waived by Plaintiff and Defendants, this Judgment is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. Proc. 58 and 79(a). All rights to appeal this Judgment, on any basis, have been expressly waived by the Parties hereto.

10. Except as otherwise provided for herein, the above-captioned action is dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: August 26, 2024

_____
The Hon. Mónica Ramírez Almadani
United States District Judge